448 A.2d 543

COMMONWEALTH of Pennsylvania

v.

Carl MACOLINO and Gae Bernadette Macolino, Appellants.

Superior Court of Pennsylvania.

Submitted Oct. 20, 1981.

Filed June 11, 1982.

Reargument En Banc Denied Aug. 19, 1982.

Petition for Allowance of Appeal Granted Nov. 4, 1982.

John Rogers Carroll, Philadelphia, for appellants.

Vram Nedurian, Jr., Assistant District Attorney, Media, for Commonwealth, appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the evidence was insufficient to support their convictions. We agree and, accordingly, reverse the judgments of sentence and order appellants discharged.

On October 27, 1979, the Pennsylvania State Police, during a search of appellants' home pursuant to a warrant, discovered four bags containing a white powder in a tan Tupperware container on the shelf in the clothes closet of appellants' master bedroom. Also in the bedroom was a book entitled "The Pressures of Cocaine," a Daisy Seal-a-Meal and an eavesdropping detector. Elsewhere in the house, police found $7,000 and two one-pound containers of Manitol, a commonly used cutting agent for cocaine. The white powder was subsequently determined to contain varying proportions of cocaine. Appellants' pre-trial motions to suppress the evidence seized during the search were denied, and following a nonjury trial, appellant Carl Macolino was found guilty of possession with intent to deliver a controlled substance and criminal conspiracy, while appellant Gae Macolino was found guilty only of criminal conspiracy. Post-trial

98

motions were denied and sentence imposed, prompting this appeal.

 Appellants contend that the evidence is insufficient to support their convictions for criminal conspiracy. We agree. "The test of the sufficiency of the evidence is whether viewing the evidence in the light most favorable to the Commonwealth, the trier of fact could reasonably have found all the elements of the crime had been established beyond a reasonable doubt." *Commonwealth v. Eckert*, 244 Pa.Superior Ct. 424, 428, 368 A.2d 794, 795, 796 (1976). "In order for a defendant to be convicted of conspiracy, the Commonwealth must prove his involvement in an agreement to accomplish a criminal objective and the commission of an overt act in pursuance of the conspiracy." *Commonwealth v. Lewis*, 276 Pa.Superior Ct. 451, 457, 419 A.2d 544, 547 (1980). Although a conspiracy may be inferentially established by the "relation, conduct or circumstances of the parties," the evidence must be sufficient to overcome the presumption of innocence and satisfy the fact-finder beyond a reasonable doubt. *Commonwealth v. Anderson*, 265 Pa.Superior Ct. 494, 500, 402 A.2d 546, 549 (1979). The only evidence presented by the Commonwealth consisted of the officers' testimony that they found the drugs on appellants' closet shelf. There is no evidence of an agreement "to accomplish a criminal objective." In fact, there is no evidence that either or both appellants were aware of the drugs' presence. The only circumstance which even suggests a conspiracy is appellants' marital relationship. However, such evidence, standing alone, is clearly insufficient to support a conspiracy conviction. *Commonwealth v. Anderson, supra.* Accordingly, we reverse appellants' judgments of sentence for conspiracy.

 Appellant Carl Macolino contends also that the evidence was insufficient to support his conviction for possession of a controlled substance with intent to deliver. We agree. "The illegal possession of narcotic drugs is a crime which 'by its very nature is unique to the individual. By definition, the possessor is the only person who could commit

the crime. Guilt by association ... is unacceptable.'" *Commonwealth v. Fortune*, 456 Pa. 365, 368, 318 A.2d 327, 328 (1974) quoting *Commonwealth v. Reece*, 437 Pa. 422, 427, 263 A.2d 463, 466 (1970). If the Commonwealth is unable to show actual possession by the defendant, it must then prove constructive possession, i.e., "the power to control the contraband and the intent to exercise that control." *Commonwealth v. Luddy*, 281 Pa.Superior Ct. 540, 547, 422 A.2d 601, 604 (1980). Although constructive possession may be inferred from the totality of the circumstances, *Commonwealth v. DeCampli*, 243 Pa.Superior Ct. 69, 364 A.2d 454 (1976), mere presence, *Commonwealth v. Davis*, 444 Pa. 11, 280 A.2d 119 (1971); *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A.2d 476 (1971), or residence at the scene, *Commonwealth v. Fortune, supra; Commonwealth v. Luddy, supra,* is insufficient to prove a conscious dominion over the contraband. "Undoubtedly, the fact of possession loses all persuasiveness if persons other than the accused had equal access with him to the place in which the property was discovered: 9 Wigmore on Evidence (3rd ed.) § 2513." *Commonwealth v. Davis, supra,* 444 Pa. at 16, 280 A.2d at 121; *Commonwealth v. Luddy, supra,* 281 Pa.Superior Ct. at 547, 422 A.2d at 605. The only evidence of possession was the officers' testimony that the contraband was found on a closet shelf in appellants' bedroom. Although the evidence was sufficient to show that both the bedroom and the closet were shared by appellants, there was no evidence whether the cocaine was in the open or hidden,[1] or that appellant Carl Macolino knew of its presence. Appellant Gae Macolino had equal access to the seized materials and thus the inference is just as strong that the drugs belonged to her as to her husband.[2] The Commonwealth has failed to show

1. Appellants assert in their brief that the contraband was covered by a "sheet or blanket." However, there was no testimony at trial concerning its visibility.

2. Despite having ample evidence to tie the drugs to appellant Carl Macolino at the suppression hearing, the Commonwealth offered no evidence at trial other than a police officer's naked assertion that they believed "Charlie" had drugs at the address. The officer failed

100

either actual or constructive possession of the contraband by appellant Carl Macolino. *See Commonwealth v. Chenet*, 473 Pa. 181, 373 A.2d 1107 (1977) (defendant, roommate and girlfriend had equal access to marijuana in trailer); *Commonwealth v. Fortune, supra* (four adults had equal access to drugs as defendant-homeowner); *Commonwealth v. Davis, supra* (three persons had equal access to contraband in locker); *Commonwealth v. Tirpak, supra* (seven persons with equal access to marijuana at party); *Commonwealth v. Luddy, supra* (seven people with access to marijuana in refrigerator); *Commonwealth v. Maurer*, 240 Pa.Superior Ct. 471, 361 A.2d 356 (1976) (defendant's mother and son had equal access); *Commonwealth v. Hannan*, 229 Pa. Superior Ct. 540, 331 A.2d 503 (1974) (husband and several adults had equal access); *Commonwealth v. Updegrove*, 223 Pa. Superior Ct. 7, 296 A.2d 854 (1972) (three people with equal access). Accordingly, because we find the evidence insufficient to establish Carl Macolino's possession of the cocaine, we must also reverse his judgment of sentence on that charge.[3]

Judgments of sentence reversed and appellants discharged.

WATKINS, J., files a dissenting opinion.

WATKINS, Judge, dissenting:

I dissent and would affirm the judgments of sentence. Since the Commonwealth prevailed in the court below all of the evidence must be read in the light most favorable to it and it is entitled to all reasonable inferences arising therefrom. *Commonwealth v. Chenet*, 473 Pa. 181, 373 A.2d 1107 (1977). Furthermore, when several individuals have equal access to the area where drugs are found, the Commonwealth may obtain a conviction if it can prove joint con-

to inform the finder of fact of the basis for his belief. Thus, the evidence at trial was clearly insufficient to establish any nexus between Carl Macolino and the contraband other than his residence in the home.

**3.** Because of our disposition of this matter, we need not address appellants' remaining contentions.

structive possession of the contraband. To establish joint constructive possession the Commonwealth must show that the appellant had knowledge of the presence of the drugs and the intent to exercise control over them and these elements may be inferred from the totality of the surrounding circumstances. See *Commonwealth v. Griffin*, 230 Pa. Superior Ct. 425, 326 A.2d 554 (1974).

In the instant case the residence where the drugs were found was owned by the defendants. They entered their home by the use of their key. The telephone number for their address was listed under the same name of defendant, Carl Macolino. Mail found in the home was addressed to the defendants. Bills addressed to the defendants, bank books and checkbooks in their names, and, photographs of them were also found in the home. The cocaine was found in the clothes closet of the master bedroom which contained both male and female clothing. Considering the above circumstances in their totality, I would find that there was sufficient evidence produced by the Commonwealth to establish joint constructive possession of the home.

The cases cited by the Majority in support of its decision are readily distinguishable from the present case. In *Commonwealth v. Fortune*, 456 Pa. 365, 368, 318 A.2d 327, 328 (1974), relied upon by the Majority, the drugs were found on the floor in the doorway between the kitchen and rear shed. Three men and one woman had been seated in the living room of the premises at the time the police arrived and it was impossible to determine who placed the drugs in the position where they were found. In *Commonwealth v. Davis*, 444 Pa. 11, 280 A.2d 119 (1971), the contraband was found in a locked cupboard and the key was in the possession of the defendant's mistress. In *Commonwealth v. Reece*, 437 Pa. 422, 263 A.2d 463 (1970), there were several people present at the "pot party" when the search was conducted. In *Commonwealth v. Chenet*, supra, several persons had access to the area where the contraband was found. In short, all of the cases cited by the Majority are distinguishable from the instant case because in those cases various

people had equal access to the area where the contraband was found as opposed to the instant case which involved a master bedroom in a home owned exclusively by the defendants. In the absence of any testimony indicating that other persons had access to the defendants' bedroom, I would find that the elements of joint constructive possession have been established by the Commonwealth and would affirm the judgments of sentence.