469 A.2d 132

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Carl MACOLINO and Gae Bernadette Macolino, Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1983.

Decided Dec. 27, 1983.

John A. Reilly, Dist. Atty., Vram Nedurian, Jr., Asst. Dist. Atty., for appellant.

John Rogers Carroll, Philadelphia, for appellees.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

McDERMOTT, Justice.

The appellee, Carl Macolino, was found guilty of possession of a controlled substance with intent to deliver,[1] and criminal conspiracy,[2] following a non-jury trial. At the same trial, appellee's wife, Gae, was found guilty of criminal conspiracy. Carl Macolino, following the denial of posttrial motions, was sentenced to a prison term of eleven-and-one-half months to twenty-three months on the possession offense, and a consecutive sentence of three years probation on the conspiracy charge. Gae Macolino was sentenced to two years probation on the conspiracy charge.

The sole issue confronting this Court is whether the Superior Court erred in reversing the trial court's judgment of sentence against Carl Macolino. The Superior Court, 302 Pa.Super. 96, 448 A.2d 543, held that the Commonwealth failed to produce sufficient evidence to establish that appellee was in constructive possession of the controlled substance, since his wife could also have had possession of the drug.[3] We find that the Superior Court did err, and we reverse.

The underlying facts of this case are as follows: Armed with a search warrant, police searched the appellee's home on October 29, 1979. In the first floor dining room, the

---

1. Act of April 14, 1972, P.L. 233, No. 64, § 13, 35 P.S. § 780–113(a)(30).

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 903.

3. The reversal of the conspiracy convictions against both husband and wife have not been appealed by the Commonwealth.

police seized various items linking Carl and Gae Macolino together as a couple, including bank checks, deposit slips, a bank passbook in both their names and photographs of the couple. Large sums of money were also seized. In the master bedroom which was equipped with a double bed, there was a clothes closet with the clothing of both a man and woman. (R. 39). On the top shelf of the closet police seized two plastic bags containing a white powder, testified at trial to be thirty-percent cocaine. Two smaller plastic packages were found in the closet as well, containing what was testified to be two percent cocaine, along with a Tupperware container holding four empty plastic bags. Copies of "The Pleasures of Cocaine" and "The Pill Book" were seized from a bookshelf in the bedroom. On top of the bedroom dresser, the officers seized a pocket memo book, containing pages of numbers, a machine called a "Daisy Seal-a-Meal", an appliance used in the drug trade to seal packages of cocaine in order to prevent seepage of the drug, and a device used to detect eavesdropping equipment on a telephone called an "Eavesdropper Stopper." In the attic, police seized two one-pound containers of manitol, a substance used as a cocaine "cutting" agent.[4]

The appellee did not testify, nor did he offer any defense. The trial court convicted the appellee, concluding that possession was established from the totality of the circumstances. Both defendants appealed the judgments of sentence.

The judgments of sentence were reversed by the Superior Court, with Judge Watkins dissenting. The Commonwealth appeals the reversal of the judgment of sentence as to appellee Carl Macolino on the possession charge.

■ In reviewing a case where the sufficiency of the evidence produced is contested the test is "whether accepting as true all of the evidence reviewed in the light most favorable to the Commonwealth, together with all reason-

---

**4.** One of the officers at the scene of the search was qualified at trial as an expert in drug law enforcement and testified as to what was seized, and the utility of the items in the drug trade. (R. 47–48.)

able inferences therefrom, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Lovette,* 498 Pa. 665, 669, 450 A.2d 975, 977 (1982), *cert. denied,* 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983); *Commonwealth v. Ransome,* 485 Pa. 490, 402 A.2d 1379 (1979).

▮ Certainly one of the elements which had to be proven by the Commonwealth was knowing or intentional possession of the cocaine. 35 P.S. § 780–113(a)(16). Possession can be proven by showing actual possession, i.e., a controlled substance found on the appellee's person, or by showing that the appellee constructively possessed the drug. Since the cocaine was found in the appellee's bedroom, and not on his person, the Commonwealth had the burden of proving that he had constructive possession of the drug. Constructive possession has been defined as the ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to exercise that control. *Commonwealth v. Chenet,* 473 Pa. 181, 184, 373 A.2d 1107, 1108 (1977); *Commonwealth v. Fortune,* 456 Pa. 365, 368, 318 A.2d 327, 328 (1974); *Commonwealth v. Sterling,* 241 Pa.Super. 411, 415, 361 A.2d 799, 804 (1976). *See also, Commonwealth v. Townsend,* 428 Pa. 281, 284, 237 A.2d 192, 194 (1968).

▮ An intent to maintain a conscious dominion may be inferred from the totality of the circumstances. *Commonwealth v. Fortune, supra,* 456 Pa. at 369, 318 A.2d at 329; *Commonwealth v. DeCampli,* 243 Pa.Super. 69, 75, 364 A.2d 454, 56 (1976); *Commonwealth v. Cash,* 240 Pa.Super. 123, 128, 367 A.2d 726, 729 (1976). Further, circumstantial evidence may be used to establish a defendant's possession of drugs or contraband. *Commonwealth v. Bentley,* 276 Pa.Super. 41, 46, 419 A.2d 85, 87 (1980). *See also, United States v. Raysor,* 294 F.2d 563 (3rd Cir.1961); *United States v. Jones,* 492 F.2d 239 (3rd Cir.1974) *on remand* 404 F.Supp. 529 (E.D.Pa.1975) *aff'd* 538 F.2d 321 (3rd Cir.1976).

The Superior Court insisted that the appellee's wife had equal access to the drugs, and that the inference was "just as strong that the drugs belonged to her as to her husband." 302 Pa.Super. at 99, 448 A.2d at 545. In its reversal, though, the Superior Court ignored its *per curiam* decision in *Commonwealth v. Gilchrist*, 255 Pa.Super. 252, 386 A.2d 603 (1978) which involved a conviction for possession of a controlled substance under almost identical facts. In that case:

> [T]he Appellee resided in the apartment with his wife and children. He was present in the apartment at the time of the search. The contraband was found in plain view in a box on the mantle in the bedroom, and also in dresser drawers, which contained men and women's clothing. Appellee had easy access to the contraband.

255 Pa.Super. at 254–55, 386 A.2d at 604. The Superior Court reversed an order arresting judgment of sentence against the appellee/husband, holding:

> The Commonwealth was not bound to prove that appellee exerted more control over the premises than his wife, but rather, that he exerted joint control, and had equal access both to the apartment and the contraband.

255 Pa.Super. at 255, 386 A.2d at 605. The court found the fact that the drugs were found in the bedroom to be of special significance, noting that a bedroom is "a more private place with limited access and usually subject to the exclusive control of the owner or lessee of the premises." *Id.*, 255 Pa.Superior Ct. at 255, 386 A.2d at 605. *See also, Commonwealth v. DeCampli, supra,* 243 Pa.Super. at 75, 364 A.2d at 456–57. ("An accused may be charged with the knowledge of the location of the contraband, which is essential to the proof of an intent to exercise control, if the contraband is found in places peculiarly within the control of the accused.")

■ This Court has not confronted the precise issue of constructive possession of a drug or contraband seized in an area jointly controlled by a husband and wife. However, other jurisdictions have, deciding, as we do today, that

constructive possession can be found in one defendant when both the husband and wife have equal access to an area where the illegal substance or contraband is found.

For example, *State v. Baxter,* 285 N.C. 735, 208 S.E.2d 696 (1974), involved marijuana found in the closet and dresser drawer of a bedroom shared by a defendant and his wife. Only the couple was present at the time of the search. The North Carolina Court held that a jury could infer that the husband was in constructive possession of the illegal substance. *See also, U.S. v. Bridges,* 419 F.2d 963 (8th Cir.1969); *Wale v. State,* 397 So.2d 738 (Fla.App. Dist. 4 1981); *Lindsay v. Commonwealth,* 500 S.W.2d 786 (Ky. 1973) (stolen cigarettes found in an office used by both the defendant and his wife); *State v. Chakos,* 74 Wash.2d 154, 443 P.2d 815 (1968); *cert. denied sub nom Christofferson v. Washington,* 393 U.S. 1090, 89 S.Ct. 855, 21 L.Ed.2d 783 (1969); *Martinez v. State,* 539 S.W.2d 885 (Tex.Cr.App. 1976); *Eckhart v. Commonwealth,* 222 Va. 447, 281 S.E.2d 853 (1981); *Villegas v. State v. Texas,* 509 S.W.2d 314 (Tex.Cr.App.1974) (involving drugs found in residence where two brothers who lived together).

In reversing the trial court's finding that Carl Macolino had constructive possession of the cocaine, the Superior Court relied upon four of our decisions. However, the factual setting of this case is distinguishable from each of those cases.

*Commonwealth v. Davis,* 444 Pa. 11, 280 A.2d 119 (1971), involved a defendant who was a mere visitor to the building in which stolen dresses were seized. His paramour, not a defendant, had the only key to the locked cupboard where the contraband was discovered.

In *Commonwealth v. Tirpak,* 441 Pa. 534, 272 A.2d 476 (1971), marijuana cigarette butts were in a living room where seven persons were having a party, all having equal access to the illegal substance.

In *Commonwealth v. Fortune, supra.,* four guests and the defendant were present at the time of the raid where

heroin was found in the defendant's residence, the guests being closer in proximity to the heroin.

*Commonwealth v. Chenet, supra.,* focused on a trailer where police found marijuana. A roommate of the defendant and the roommate's girlfriend were present when the officers arrived; the defendant arrived later. This Court reversed the conviction, holding that no reasonable inference could link the defendant to the marijuana, over the roommate and/or the roommate's girl friend.

The facts of this case involve a husband and wife who had joint and exclusive control of a residence, who alone were present at the time of the police search, in conjunction with other evidence sufficient to establish a link between Carl Macolino and the illegal substance.

■ Viewed in a vacuum, all of the items found in the bedroom of Carl and Gae Macolino were, in and of themselves, innocent possessions. A Daisy-Seal-A-Meal can seal leftover string beans, as well as prevent the seepage of cocaine—although the former is not usually done in the bedroom. It is not illegal to possess or read "The Pleasures of Cocaine" or "The Pill Book." Nor is it illegal to own a device which detects when a telephone is being tapped. Manitol, alone, is not an illegal substance. However, specific items of evidence are not viewed in a vacuum, separately and distinctly. A fact-finder looks at evidence as a total package.

■ In this case, the fact-finder, examining all of the evidence in its totality, could reasonably conclude that the appellee was aware of the cocaine, along with the items found in his bedroom which are commonly used in cocaine use and trafficking, that he exercised a conscious dominion over the illegal substance and that he intended to possess it.

■ It is no defense that the appellee's wife could also have maintained a conscious dominion over the cocaine. Possession of an illegal substance need not be exclusive; two or more can possess the same drug at the same time.

See *Commonwealth v. Griffin,* 230 Pa.Super. 425, 326 A.2d 554 (1974).

Based on the foregoing evidence, it was reasonable for the fact-finder to conclude that the appellee maintained a conscious dominion over the cocaine found in the bedroom closet which he shared solely with his wife. Therefore, the Superior Court erred in disturbing the finding of the trial court that there was sufficient evidence to establish possession on the part of defendant Carl Macolino.

Allowing the Superior Court order to stand would provide a privileged sanctuary for the storage of illegal contraband. Simply by storing contraband in a place controlled by more than one party, a spouse, roomate, partner, would render all impervious to prosecution.

The Order of the Superior Court is reversed and we remand to the Superior Court to dispose of appellee's remaining contentions.

LARSEN, J., concurs in the result.