## Commonwealth v. McMullen

*Thomas J. Wagner, assistant district attorney,* for the Commonwealth.
*Thomas R. Wilson,* for defendant.

WOOD, J., February 18, 1987 — This case comes before me on defendant's motion for habeas corpus relief and motion to quash the information against him. Between August 19 and August 21, 1986, Trooper Dougherty of the Pennsylvania State Police set up a controlled purchase of heroin from 423 Coates Street. Trooper Dougherty supplied a confidential informant with money, and the informant delivered the money to one Maurice Smith, who in turn left in the direction of 423 Coates Street. Smith returned a short time later with a quantity of heroin. The trooper did not see defendant on this occasion and did not talk directly to Smith.

On August 22, 1986, the State Police executed a search warrant at 423 Coates Street. During the course of the search, Trooper Dougherty found three packets of heroin and three syringes under some wicker furniture on the enclosed front porch. $3,200 was found on the floor under a couch in the living room. Mixed in with this cash was one of the $20 bills used in the controlled buy conducted earlier.

When the police entered the house, they found Lenora McMullen, defendant's mother, in the kitchen at the rear of the house, and Henry Cooper in the living room adjacent to the enclosed front porch. Defendant was in the second-floor bathroom. Trooper Dougherty testified that two empty glassine bags were found on the bathroom floor. The police did not analyze the bags for traces of narcotics or for fingerprints. There was no testimony that the bags contained narcotics. No narcotics were found on the person of defendant.

In order to prove constructive possession, the Commonwealth must prove that defendant had the "power to control the contraband and the intent to exercise that control": Com. v. Macolino, 503 Pa. 201, 469 A.2d 132 (1983). Although the intent to exercise control of the contraband may be inferred from the totality of the circumstances, Com. v. Fortune, 456 Pa. 365, 318 A.2d 327 (1974), knowledge of the location of the contraband is essential to the proof of intent: Macolino, supra, 469 A.2d at 135. An accused may be charged with knowledge of the location of the contraband if it is found in places peculiarly within the control of the accused: Id. However, defendant's mere residence in the house does not establish such knowledge: Fortune, supra, 456 Pa. at 369.

Having considered all the evidence presented by the Commonwealth, I find that it is insufficient to support a showing of constructive possession by defendant of the narcotics and paraphernalia found in the search. The narcotics were not in a place normally accessible only to a resident of the home. In fact, the two other persons on the first floor had more immediate access to the contraband, and to the currency found, than did defendant. There is no

evidence that defendant had any knowledge of the presence or location of narcotics in the house. Likewise there is no evidence that the glassine bags found on the bathroom floor contained any contraband or in any way imputed knowledge of contraband to defendant. Moreover, the "controlled buy" does not link defendant with the sale of heroin; other than the fact that defendant admitted he lived at 423 Coates Street, there is nothing to link him to the controlled buy.

## ORDER

And now, this February 18, 1987, defendant's motion for habeas corpus relief is granted. The information filed against defendant is hereby quashed and the charges are dismissed.