J-S10003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RASHEEN ARMAND GRAYSON | |
| Appellant | No. 1536 EDA 2015 |

Appeal from the Judgment of Sentence March 12, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002674-2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED FEBRUARY 02, 2016**

Appellant, Rasheen Armand Grayson, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his jury trial conviction for possession with intent to deliver a controlled substance ("PWID").[1]  We affirm.

The trial court fully set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> WHETHER THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE CONVICTION FOR POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER SINCE THE COMMONWEALTH FAILED TO PROVE, BEYOND A

_____

[1] 35 P.S. § 780-113(a)(30).

_____

*Retired Senior Judge assigned to the Superior Court.

REASONABLE DOUBT, THAT [APPELLANT] ACTUALLY OR CONSTRUCTIVELY POSSESSED THE CONTROLLED SUBSTANCES AT ISSUE HEREIN, OR THAT HE DID SO WITH THE INTENT TO DELIVER THEM?

(Appellant's Brief at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable John P. Capuzzi, Sr., we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed July 1, 2015, at 5-9) (finding: when officers arrived at house at 5:50 a.m., they found Appellant hiding in bedroom closet naked; Appellant was only male in residence; Appellant indicated that pair of pants on floor belonged to him; pants contained large bag of cocaine; evidence established Appellant's constructive possession of cocaine; Appellant possessed cocaine in quantity indicative of seller as opposed to user; Commonwealth's expert opined that circumstances, including scale and differently sized smaller bags located on dresser in bedroom, showed intent to distribute cocaine; therefore, Commonwealth's evidence was sufficient to support Appellant's PWID conviction). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/2/2016



# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CRIMINAL

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | **CP-23-CR-2674-2014** |
| **V.** | |
| **Rasheen Grayson** | |

A. Sheldon Kovach, Esquire, Deputy District Attorney, for the Commonwealth
Steven M. Papi, Esquire, for the Appellant

## OPINION

Capuzzi, J.                                                                                          Filed: 7|11|2015

This is an appeal from Appellant's judgment of sentence entered on March 12, 2015. On

appeal, Appellant alleges that the evidence presented at trial is insufficient to sustain a conviction

for Possession of a Controlled Substance with Intent to Deliver herein "PWID"[1] because the

Commonwealth failed to prove, beyond a reasonable doubt, that Appellant actually or

constructively possessed any of the controlled substances at issue or that he did so with the intent

to deliver them. For the forthcoming reasons, the evidence presented unequivocally established

the elements of PWID and Appellant's judgment of sentence should be affirmed.

## FACTUAL BASIS

Agent Tim Stevenson is employed by the United States Marshal Service Task Force and

was so employed on March 24, 2014. [N.T., 1/29/2015 p.28]. Acting in his capacity as a US

Marshall, Agent Stevenson had occasion to go to 55 North Keystone Avenue in Upper Darby,

Delaware County, Pennsylvania. [N.T., 1/29/2015 p.28]. Agent Stevenson arrived along with

---

[1] 35 Pa.C.S. §780-113(a)(30)



other members of the Marshal Task Force and Pennsylvania State Troopers. A female answered the door and gave the officers permission to enter. [N.T., 1/25/2015 p. 29]. Once inside the home, Agent Stevenson observed two females and a child on the first floor. [N.T., 1/25/2015 p. 29]. Along with a few troopers, Agent Stevenson walked upstairs and entered the front bedroom. The room contained a bed, dresser, and a closet. [N.T., 1/25/2015 p. 29, 37]. One of the officers located Appellant, naked and hiding in a closet. [N.T., 1/25/2015 p.30]. After Appellant was detained, he asked to put on clothing. [N.T., 1/25/2015 p. 31]. Agent Stevenson asked Appellant to point out which pants were his. [N.T., 1/25/2015 p. 31, 33]. Appellant pointed out a pair of pants on the floor; Agent Stevenson picked up the pair and asked Appellant if the pants he was holding were Appellant's pants. [N.T., 1/25/2015 p. 31, 33]. Appellant responded: "yes." [N.T., 1/25/2015 p. 31, 33].

For officer safety, Agent Stevenson checked the pants to make sure there were no weapons. [N.T., 1/25/2015 p. 33]. In the front pocket, Agent Stevenson found a large bag that contained a white powdery substance, which in his training and experience resembled cocaine. [2] Agent Stevenson did not recall seeing any other male clothing in the room. [N.T., 1/25/2015 p. 33]. On the dresser, Agent Stevenson also observed a scale, packaging material, and some smaller bags of the same white powdery substance that was located in Appellant's pants. [3] [N.T., 1/25/2015 p. 34].

Corporal Richard Schroeter is employed with the Pennsylvania State Police and has been so employed for over twenty years. [N.T., 1/25/2015 p. 48]. Corporal Schroeter was on duty on March 25, 2014 at approximately 5:50a.m. [N.T., 1/25/2015 p. 48]. Corporal Schroeter, along with Agent Stevenson and several other officers had occasion to arrive at 55 North Keystone in

---

[2] The white powdery substance, later tested and confirmed to be cocaine, was marked as C-1 at trial.
[3] At trial, the packaging material was marked as C-2; the individual bags containing the white substance, which was confirmed to be cocaine, were marked at C-3 and C4, and the digital scale was marked at C-5.

Upper Darby. [N.T., 1/25/2015 p. 49]. Once inside, Corporal Schroeter went upstairs and made his way to the back bedroom. [N.T., 1/25/2015 p. 50]. Once he was able to clear that room, Corporal Schroeter went to the front bedroom with other members of the team. [N.T., 1/25/2015 p. 50]. Corporal Schroeter saw one of the other officers open a closet and tell someone to come out. [N.T.,1/25/2015 p. 51]. Corporal Schroeter witnessed Appellant come out of the closet naked. [N.T., 1/25/2015 p. 52]. Corporal Schroeter stepped outside the bedroom but he could overhear the conversation between Appellant and Agent Stevenson about his pants. [N.T., 1/25/2015 p. 53]. When Corporal Schroeter entered the room again he saw a large bag containing a white powdery substance on the bed and the contraband on the dresser.[N.T., 1/25/2015 p. 56]. In addition to the drugs, Corporal Schroeter, along with other officers, located an ice pick between the mattress and box spring[4]. Corporal Schroeter secured all of the evidence located in the room, which was later marked at trial as C-1 through C-6, and gave it to Corporal James Holstein. [N.T., 1/25/2015 p. 59].

Corporal James Holstein is employed by the Pennsylvania State Police, Troop K Barracks in Montgomery County and has been so employed for the past ten years. [N.T., 1/25/2015 p. 9]. Corporal Holstein has spent the last two years as the Criminal Investigation Unit Supervisor. [N.T., 1/25/2015 p. 9]. Corporal Holstein went to 55 North Keystone Avenue on March 24th along with the US Marshal Service and other members of the PA State Police. [N.T., 1/25/2015 p. 70]. Corporal Holstein remained on the first floor of the residence until he was called to come upstairs. [N.T., 1/25/2015 p. 70-71]. When he entered the front bedroom, Corporal Schroeter, Agent Stevenson, and several other members of the team were inside, as well as Appellant who was in custody. [N.T., 1/25/2015 p. 71]. A bag containing a white powdery substance was on the bed. [N.T., 1/25/2015 p. 71]. Corporal Holstein also observed the

---

[4] The ick pick found under the mattress was marked at trial as C-6.

scale, the new and unused baggies, and the bags containing a white powdery substance on the dresser. [N.T., 1/25/2015 p. 74]. Corporal Holstein also witnessed the team locate a pick underneath the mattress. [N.T., 1/25/2015 p. 76-77]. Corporal Holstein and the team checked the entire residence; the only male located was Appellant. [N.T., 1/25/2015 p. 79].

Corporal Holstein took possession of all of the evidence and drove it straight to the State Police Barracks in Media where it was labeled, photographed, and placed with the evidence custodian, Corporal Fredrick Malone. The evidence was then submitted to the Lima Regional Laboratory [N.T., 1/25/2015 p. 78-102].[5]

## PROCEDURAL HISTORY

Appellant was arrested and charged with PWID[6]; Possession of a Controlled Substance[7]; Possession of Drug Paraphernalia[8]; Prohibited Offensive Weapons[9]; and Possession of an Instrument of Crime[10].

On September 16, 2014, Appellant filed a *pro se* motion to suppress evidence, which was dismissed because Appellant was represented by counsel.

On January 26, 2015, a jury was selected; however, due to impending inclement weather, the jury was not sworn in. [N.T., 1/26/2015 p. 72-73]. Counsel for the Commonwealth advised this Court that they would be proceeding on Count 1: PWID and Count 4: Prohibited Offensive Weapons.

---

[5] [5]The lab report was stipulated to at trial and entered as C-7. The white powdery substance in both the small baggies located on the dresser as well as the bag located in Appellant's pants was confirmed to be cocaine. [N.T., 1/25/2015 p. 101-104].
[6] 35 Pa.C.S. §780-113(a)(30)
[7] 35 Pa.C.S. §780-113(a)(16)
[8] 35 Pa.C.S. §780-113(a)(32)
[9] 18 Pa.C.S.A. §908(a)
[10] 18 Pa.C.S.A. §907(a)

On January 29, 2015, prior to the start of trial, counsel for Appellant made two oral motions *in limine*: (1) to preclude any testimony regarding the fact that officers had arrived at the location due to a warrant issued for Appellant as a result of an escape charge; and (2) to prohibit any testimony the metal pick located under the mattress is the type of object that prisoners would use. [N.T., 1/29/2015 p. 14]. The Commonwealth agreed and this Court granted both motions. The Commonwealth moved to amend the informations to seek the imposition of a mandatory minimum sentence pursuant to *18 Pa.C.S.A. Section 9712*, which this Court denied.

The jury was sworn and trial commenced. The Commonwealth presented testimony from Agent Tim Stevenson, Corporal Richard Schroeter, and Corporal James Holstein, all of whom testified to the facts as stated above.

In addition, the Commonwealth presented the testimony of Corporal Michael Skahill of the Pennsylvania State Police, who, after providing an extensive background, qualified and testified as an expert in the field of illegal drugs, drug distribution, and drug investigation. [N.T., 1/29/2015 p. 105-116]. Corporal Skahill reviewed the incident report, the police report, spoke with the troopers involved, listened to the testimony at trial, and reviewed the evidence. [N.T., 1/25/2015 p. 118]. After review, Corporal Skahill opined that the drugs were possessed with the intent to deliver and provided a thorough explanation to the jury. [N.T., 1/25/2015 p. 119-125]. In reference to the small bags and cocaine located on the dresser, Corporal Skahill stated:

"Now, these bags here, a user would possess them—I mean a couple of bags, two, three, four bags. Is it logical for a consumer, end-user to possess them? Absolutely it is. What you have here though you have multiple bags. You have different bags in different sizes. These little green guys, these little green bags are slightly smaller. Like the contents of them appear at face value to be slightly smaller than

When asked if finding any more individuals in the area of the contraband would change his opinion, Corporal Skahill stated:

> "Not at all. I mean you've got to look at all these other facts. You've got the scale, you've got these bags, what—you know, you're not breaking this bag down to put it in another bag if everybody in the house is using it. You're breaking it down and putting in in these little bags so you can sell it to people, you can make money. That's the purpose of having them." [N.T., 1/25/2015 p. 130].

The jury found Appellant guilty of Count 1: PWID but not guilty of Count 4: Prohibited Offensive Weapons. On March 12, 2015, Appellant was sentenced to 72-144 months in a state correctional facility followed by three years of consecutive probation. [N.T., 3/12/2015 p.11]. This Court outlined its reasons for the sentence on the record including the troubling items in the presentence investigation report that Appellant had used 14 aliases, Appellant's lengthy criminal history including prior convictions for PWID, his lack of amenability to treatment and the protection of society. [N.T., 3/12/2015 p. 6-11]. A mandatory minimum was not imposed.

On March 23, 2015, counsel for Appellant filed a motion for post-trial relief. A hearing was held on April 23, 2015, and was denied.

On May 15, 2015, Appellant filed a *pro se* notice of appeal. On May 20, 2015, counsel for Appellant filed a notice of appeal. Appellant's *pro se* appeal docketed as 1475 EDA 2015 was dismissed as duplicative of counsel's appeal docketed as 1536 EDA 2015.

Counsel for Appellant timely complied with this Court's 1925(b) Order, which raised the sufficiency of the evidence as the sole issue for appeal.

**DISCUSSION**

**The Evidence Presented by the Commonwealth was Sufficient to Sustain a Conviction for Possession with Intent to Deliver.**

"There is sufficient evidence to sustain a conviction when the evidence admitted at trial, and all reasonable inference drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Martin,* 101 A.3d 706, 718 (Pa. 2014). The Commonwealth may sustain its burden by means of wholly circumstantial evidence. *Martin,* 101 A.3d at 718.

Evidentiary sufficiency is a question of law, and thus the standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Diamond,* 83 A.3d 119, 126 (Pa. 2013).

To establish possession with intent to distribute, the Commonwealth must prove four elements: (1) that the substance possessed was a controlled substance; (2) that the defendant possessed the substance; (3) that the defendant was aware that the items possessed were in fact controlled substances; and (4) that the substances were possessed with the specific goal of delivering the items to another. *35 Pa.C.S. Section 780-113(30).*

"In narcotics cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband." *Commonwealth v. Vargas,* 108 A.3d 858 (Pa. Super. 2014). Actual possession is proven "by showing ... [that the] controlled substance [was] found on the [defendant's] person. If the contraband is not discovered on the defendant's person, the Commonwealth may satisfy its evidentiary burden by proving that the defendant had constructive possession of the drug" *Vargas,* 108 A.3d at 868 citing *Commonwealth v. Macolino,* 469 A.2d 132, 134 (Pa. 1983). Our Supreme Court has defined constructive possession as "the ability to exercise a conscious dominion over the illegal

substance: the power to control the contraband and the intent to exercise that control" *Id.* at 868 citing *Commonwealth v. Johnson,* 26 A.3d 1078, 1093 (Pa. 2011).

Appellant alleges that evidence is insufficient to sustain his conviction for PWID because the Commonwealth failed to prove, beyond a reasonable doubt, that he actually or constructively possessed any of the controlled substances at issue, herein, or that he did so with the intent to deliver them.

When the troopers and marshals arrived at 55 North Keystone, they found Appellant in the front bedroom hiding naked in a closet at 5:50a.m. Appellant asked to put on his pants. When asked which pants were his by Agent Stevenson, Appellant pointed to a pair of male pants on the floor. When Agent Stevenson picked up the pants that Appellant pointed to, he held them up and asked if these were the pants; Appellant responded "yes." Appellant was the only male in the residence. The evidence presented at trial was sufficient to prove that Appellant constructively possessed the cocaine located in his own pants. Appellant had both the power and the intent to control his own pants and the contents, located in the same room that he was hiding naked in when the troopers and marshals arrived.

Appellant's claim that there was insufficient evidence presented to establish the four elements of PWID is factually and legally void of merit. Appellant possessed the cocaine in a quantity indicative of a seller as opposed to a user; Appellant knew it was cocaine as it was in his pants pocket; exercised dominion and control of the immediate area where the contraband was located; and was not authorized, licensed or registered to possess the cocaine. The expert opinion testimony of Corporal Skahill, which the jury was free to believe in whole or in part or reject, provided the lynchpin for the intent to distribute. Therefore, the Commonwealth met its burden of proof and the verdict of guilty should stand.

## CONCLUSION

For the aforementioned reasons, the Superior Court should affirm Appellant's judgment of sentence.

BY THE COURT

JOHN P. CAPUZZI, SR.,          J.

Cc:   A. Sheldon Kovach, Esquire, Deputy District Attorney

Steven M. Papi, Esquire