J-S12001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARQUIS JACKSON | |
| Appellant | No. 839 EDA 2015 |

Appeal from the Judgment of Sentence November 6, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005697-2014

BEFORE:  MUNDY, J., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED FEBRUARY 12, 2016**

Appellant, Marquis Jackson, appeals from the November 6, 2014 aggregate judgment of sentence of 18 to 36 months' imprisonment, imposed after the trial court convicted him of possession of a small amount of marijuana and possession of contraband.[1]  After careful review, we affirm.

The trial court has set forth the factual history of this case as follows.

> Correctional Officer Richardson, an employee at the Curran-Fromhold Correctional Facility (CFCF) was working there on February 15, 2014, at approximately 9:45 p.m.  Officer Richardson and Sergeant Christian were in the process of locking down their section for the evening when she noticed Appellant was outside of his cell after all inmates

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(1) and 18 Pa.C.S.A. § 5123, respectively.

were commanded to go to their cells. Appellant then retrieved a magazine from underneath the door of Cell # 16. Appellant began to walk towards Cell # 12, when Sergeant Christian commanded Appellant to put the magazine down. After attempting to walk further, Appellant hesitantly placed the magazine on a table, which the sergeant retrieved. Sergeant Christian observed that the magazine contained a piece of paper, which contained a green leafy substance.

Officer Richardson transported the substance to the Philadelphia Police 15th District headquarters. The parties stipulated that the substance was tested by the Philadelphia Police chemistry lab, and that the substance was positive for marijuana, and weighed 0.179 grams.

Trial Court Opinion, 4/27/15, at 2 (citations omitted).

A bench trial was held on November 6, 2014, at the conclusion of which Appellant was found guilty of the aforementioned offenses. Appellant was sentenced to 18 to 36 months' imprisonment, to run concurrent to any other sentence he was serving. On November 17, 2014, Appellant filed a timely post-sentence motion which was denied by operation of law on March 17, 2015. On March 23, 2015, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises the following issue for our review.

Was not the evidence insufficient to prove [Appellant] guilty beyond a reasonable doubt of the crimes of possession of contraband and possession of a small amount of marijuana in that the evidence was insufficient to prove that [Appellant]

_____

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

intentionally, knowingly, or recklessly possessed a controlled substance?

Appellant's Brief at 3.

We begin by noting our well-settled standard of review. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the [finder-of-fact's] verdict beyond a reasonable doubt." ***Commonwealth v. Patterson***, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, ***Patterson v. Pennsylvania***, 135 S. Ct. 1400 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" ***Id.*** (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." ***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa. Super. 2011), *appeal denied,* 32 A.3d 1275 (Pa. 2011), *quoting* ***Commonwealth v. Jones,*** 874 A.2d 108, 120–21 (Pa. Super. 2005). "Because evidentiary

- 3 -

sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied,* ***Diamond v. Pennsylvania***, 135 S. Ct. 145 (2014).

The statutes prohibiting possession of a small amount of marijuana and possession of contraband, provide in relevant part, as follows.

### § 780-113. Prohibited acts; penalties

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

…

(31) Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marihuana but not for sale.

For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana.

…

35 P.S. § 780-113(a)(31).

### § 5123. Contraband

…

**(a.2) Possession of controlled substance contraband by inmate prohibited.--**A prisoner or inmate commits a felony of the second degree if he unlawfully has in his possession or under his control any controlled substance in violation of section 13(a)(16) of The Controlled Substance, Drug, Device

and Cosmetic Act. For purposes of this subsection, no amount shall be deemed de minimis.

…

18 Pa.C.S.A. § 5123 (footnote omitted).

Instantly, Appellant argues the Commonwealth did not prove beyond a reasonable doubt that he "knew the magazine he retrieved possessed marijuana." Appellant's Brief at 9. Appellant asserts that the "trial court here inferred that [Appellant] knew he possessed the marijuana because [Appellant] hesitated to put down the magazine he had retrieved, before being locked in for the night." *Id.* at 10. Appellant posits the following argument as an explanation for his reluctance to obey Sergeant Christian.

> However, an at least equally probable inference is that [Appellant] retrieved the magazine despite the rule requiring him to go directly to his cell at lockdown and despite the rule against receiving an item from another inmate at lockdown, and that he may have been reluctant to give up the item for which he risked breaking the rules, because he wished to have reading material before being locked in for the night.

*Id.* at 11 (citation omitted). Therefore, the only element Appellant is challenging pertaining to both crimes is his knowledge that he was in possession of the marijuana.

Our Supreme Court has held, "[a]n intent to maintain a conscious dominion may be inferred from the totality of the circumstances.... [and], circumstantial evidence may be used to establish a defendant's possession

- 5 -

of drugs or contraband." ***Commonwealth v. Valette***, 613 A.2d 548, 549-550 (Pa. 1992), *citing* ***Commonwealth v. Macolino****,* 469 A.2d 132, 134 (Pa. 1983).   At trial, Corrections Officer (C.O.) Richardson testified to the events of February 15, 2014, as follows.

> Q.  Can you tell His Honor what you observed going on on that date?
>
> A.  We were locking the pod down for the evening. Me and my partner, my sergeant, I was locking down the bottom tier where [Appellant] was being held at that time.  He walked over to 16 cell.  After he was told numerous times to go back to his cell, he retrieved a magazine from underneath the door at 16 cell.  He started to walk back over to 12 cell where he was supposed to be staying at and my sergeant told him to put the magazine down.
>
> He tried to walk a little further.  He then put the magazine down on the table.  She came down, retrieved the magazine and opened the front cover and found a leafy substance in the front rolled up in a piece of paper in the front of the magazine.

N.T., 11/6/14, at 4-5.   He further testified that protocol required he personally deliver the substance to the Philadelphia 15th District Northeast Detectives.  ***Id.*** at 17.   A stipulation was subsequently entered that the substance was taken to Northeast Detectives, then to the Philadelphia Chem Lab, where the substance tested positive as .179 grams of marijuana.  ***Id.*** at 25.

Sergeant Christian also testified to her recollection of the incident.[3]

> That night I went on the pod to observe the officers put the pod down and to secure it for the night, and this young man right here was in 11 cell at the time. Instead of him going to 11 cell, he went to 16 cell and after several - - telling him several times to go to 11 cell where he belonged, he insisted on getting his magazine that he said he left that one of the inmates had in the cell. So instead of him going to his cell, one of the inmates in 16 cell slid his magazine underneath the door. So when he picked it up, I advised him to put the magazine on his table - - on the table and continue to go to his cell, which was 11 cell.

*Id.* at 19.

Viewing the evidence in the light most favorable to the Commonwealth, and bearing in mind that the Commonwealth can meet its burden by wholly circumstantial evidence, we conclude the Commonwealth proved Appellant knowingly possessed contraband, to wit, a small amount of marijuana. *See Watley*, *supra*. As the finder of fact, the trial court was free to make inferences from the testimony presented, and therefore we conclude the Commonwealth produced sufficient evidence of intent to sustain the possession of a small amount of marijuana and possession of contraband convictions. *See Diamond*, *supra*.

---

[3] We note that C.O. Richardson testified that Appellant belonged in cell #12 and Sergeant Christian testified that he belonged in cell #11. This factual discrepancy was not challenged at trial, nor is it material to the resolution of the instant appeal.

Based on the foregoing, we conclude Appellant's issue is devoid of merit. Accordingly, we affirm the trial court's November 6, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2016