J-A07001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DJUAN O. WILLIAMS, | |
| Appellant | No. 1619 WDA 2015 |

Appeal from the Judgment of Sentence of July 15, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011188-2013

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 20, 2017**

Appellant, Djuan O. Williams, appeals from the judgment of sentence entered on July 15, 2015, as made final by the denial of his post-sentence motion on September 17, 2015.  We affirm.

The trial court summarized the background facts and procedural history in this case as follows.

> In early June 2013, the Borough of Tarentum police department worked with a confidential informant to set up controlled purchases of heroin from Appellant and William Brown [(Brown)].  The controlled purchases were part of an ongoing drug investigation into Appellant and Brown, who were suspected of dealing drugs from [a residence on] Roup Avenue in Tarentum.[]  Appellant resided at [the Roup Avenue residence] with his girlfriend, Carrie Schaub [(Schaub)]; Brown occasionally stayed overnight.
>
> On June 16, 2013, the informant arrived at the Tarentum police station to arrange the first controlled purchase.  The informant, who was familiar with Brown, called Brown and arranged to meet him at a car wash later that day to purchase twenty bags of

*Retired Senior Judge assigned to the Superior Court.

heroin for $160[.00]. The officers provided the informant with $160[.00] in pre-recorded funds. Officers then set up a surveillance team to monitor [the Roup Avenue address]. The surveillance team observed Brown leave [the Roup Avenue residence] and travel to the car wash in a grey Dodge Dart. A separate surveillance team maintained constant ground surveillance of the informant, including the transaction itself.

When Brown arrived at the car wash, the informant walked up to the driver's side window of Brown's vehicle, and conducted a hand-to-hand transaction with Brown for the heroin. After the transaction, Brown returned to [the Roup Avenue address]. It was thereafter discovered that the vehicle Brown used was rented to Appellant's girlfriend, Schaub. Twenty stamp bags of heroin labelled "Yankees" were recovered from the informant, and subsequently weighed to be 0.40 grams.

On June 17, 2013, the informant again arrived at the Tarentum police station at 6:00 p.m. to arrange a second controlled purchase. The informant again called the same [tele]phone number, and arranged to meet Appellant and Brown in the 100 block of Second Avenue, Tarentum, in order to purchase twenty stamp bags of heroin for $160[.00]. The informant was provided with $160[.00] in pre-recorded funds, and he proceeded to the meeting location, again under surveillance. Brown and Appellant arrived in the same vehicle (Brown driving, Appellant the front seat passenger). The informant walked up to the passenger window, and conducted a hand-to-hand transaction with Appellant for the heroin. Following the transaction, Brown and Appellant drove away. The informant turned over twenty bags of heroin labelled "Gunline" and subsequently weighed to be 0.46 grams.

On June 19, 2013, the confidential informant again arrived at the Tarentum police station to arrange a third controlled purchase. The informant called the same [tele]phone number, and arranged to meet Brown at the corner of Ninth and Horner, in Tarentum, in order to purchase twenty stamp bags of heroin for $160[.00]. The informant was provided with $160[.00] in pre-recorded funds, and he proceeded to the corner of Ninth and Horner. Brown again left [the Roup Avenue residence] and proceeded to the meeting location in the same Dodge Dart. The informant entered the front passenger side of Brown's vehicle, and the two drove around the block to conduct the transaction.

Following the transaction, the informant left Brown's vehicle, and walked to one of the officer's vehicles and returned to the police station. Brown returned to [the Roup Avenue residence]. The informant turned over 16 stamp bags of heroin, labelled "Yankees" and subsequently weighed to be 0.29 grams, and four additional unmarked stamp bags.

On June 21, 2013, officers executed a search warrant at [the Roup Avenue residence] at 6:30 a.m. During the search, officers recovered: 90 bricks of heroin in a backpack (4,500 stamp bags labelled "Yankees") from the living room; seven stamp bags of heroin labelled "Ultimate" in a DVD case from the living room; 3.4 grams Clonazepam; a .22 caliber rifle from the basement; several [cellular telephones]; a digital scale; and approximately $4,000[.00] cash. When the police entered the residence, Appellant was downstairs between the living room and kitchen, and Brown and Schaub were upstairs.

Trial Court Opinion, 10/27/16, at 4-7 (footnote and record citations omitted).

The Commonwealth filed a criminal information against Appellant, charging him with one count of criminal use of a communication facility,[1] one count of criminal conspiracy,[2] two counts of corrupt organization,[3] one count of delivery of a controlled substance,[4] two counts of possession with intent to deliver (PWID),[5] and two counts of knowing and intentional (or simple)

---

[1] 18 Pa.C.S.A. § 7512.

[2] 18 Pa.C.S.A. § 903(a)(1).

[3] 18 Pa.C.S.A. § 911(b)(3) and (b)(4).

[4] 35 P.S. § 780-113(a)(30).

[5] 35 P.S. § 780-113(a)(30).

possession.[6]  On April 6, 2015, Appellant proceeded to a jury trial.  On April 7, 2015, the jury found Appellant guilty of criminal use of a communication facility, criminal conspiracy, delivery of a controlled substance, two counts of PWID, and two counts of knowing and intentional possession.  The jury acquitted Appellant of corrupt organizations.  On July 15, 2015, the trial court imposed an aggregate sentence of six to 12 years' incarceration.  On July 23, 2015, Appellant filed a post-sentence motion alleging that his convictions were against the weight of the evidence.  The trial court denied relief on September 17, 2015.  This appeal followed.[7]

Appellant raises a single issue for our consideration:

Whether the evidence presented at trial was sufficient to convict Appellant of possession of a controlled substance (June 21, 2013) and possession with intent to deliver (June 21, 2013), when no evidence presented by the Commonwealth proved beyond a reasonable doubt that Appellant had actual or constructive possession of the heroin seized from the [Roup Avenue residence] pursuant to a search warrant?

Appellant's Brief at 5 (certain capitalization omitted).

Appellant's position on appeal is that the Commonwealth introduced insufficient evidence to establish, beyond a reasonable doubt, that Appellant

_____

[6] 35 P.S. § 780-113(a)(16).

[7] Appellant filed a notice of appeal on October 16, 2015.  On October 21, 2015, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  After receiving extensions of time, Appellant filed his concise statement on August 9, 2016.  The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 27, 2016.

had constructive possession of the heroin recovered from the Roup Avenue residence. Specifically, Appellant argues that, "although the [heroin was] discovered in a common area of the [Roup Avenue] residence, (1) [it was] found in closed containers in the area wherein Appellant's guest was staying, (2) [it was] not found in the same room as Appellant, and (3) [it was] labelled differently than the substance Appellant was seen passing [to the confidential informant] from a vehicle on June 17, 2013." Appellant's Brief at 11. For these reasons, Appellant concludes that the Commonwealth did not show that he had the power and intent to exercise dominion over the narcotics recovered from his Roup Avenue residence. We disagree.

Our standard of review for sufficiency challenges is well settled.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

J-A07001-17

*Commonwealth v. Brown*, 23 A.3d 544, 559-560 (Pa. Super. 2011) (*en banc*).

Appellant challenges his convictions for PWID and simple possession of heroin. An individual is guilty of simple possession of a controlled substance where the Commonwealth proves beyond a reasonable doubt that he "knowingly or intentionally possess[ed] a controlled or counterfeit substance[.]" 35 P.S. § 780-113(a)(16). A person is guilty of PWID if the Commonwealth establishes beyond a reasonable doubt that he possessed a controlled substance with the intent to deliver it. 35 P.S. § 780-113(a)(30).

If a controlled substance is not recovered from the defendant's person, the Commonwealth may satisfy its burden of proving possession by showing that the individual constructively possessed the narcotics. *Commonwealth v. Valette*, 613 A.2d 548, 549-550 (Pa. 1992). Constructive possession is "the ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to exercise that control." *Id.* at 550, *quoting* *Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983). "Constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access." *Valette*, 613 A.2d at 550, *citing* *Commonwealth v. Murdrick*, 507 A.2d 1212 (Pa. 1986). "[The] intent to maintain a conscious dominion may be inferred from the totality of the circumstances.... [and], circumstantial evidence may be used to establish a defendant's possession of drugs or contraband."

- 6 -

J-A07001-17

*Valette*, 613 A.2d at 550, *quoting* *Macolino*, 469 A.2d at 134 (citations omitted).

Viewing the totality of the evidence in the light most favorable to the Commonwealth, we agree with the trial court that Appellant enjoyed conscious dominion over the heroin recovered from areas of joint access and control at the Roup Avenue residence and, therefore, that the Commonwealth proved Appellant's constructive possession beyond a reasonable doubt. As the trial court reasoned:

> Here, the record established that: (1) Appellant resided at [the Roup Avenue residence] with his girlfriend, [Schaub], while Brown visited there occasionally; (2) Appellant sold heroin to a confidential informant on June 17, 2013, while in Schaub's rented vehicle; (3) Appellant was standing between the living room and the kitchen when the police entered the residence on June 21, 2013, to execute a search warrant; (4) [90] bricks of heroin were recovered from the living room, along with seven additional stamp bags; and, (5) Appellant testified at trial that he was "possibly" involved in [a] drug delivery in June 2013.

Trial Court Opinion, 10/27/16, at 4-7 (record citations omitted). Appellant's contrary contentions ask us to reweigh the factfinder's assessments, which we are not permitted to do. Accordingly, we affirm Appellant's convictions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2017

- 7 -