J-S41039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON SIMMONS, | |
| Appellant | No. 1519 EDA 2015 |

Appeal from the Judgment of Sentence April 2, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005926-2011

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 18, 2016**

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after the trial court convicted Appellant Jason Simmons of possession of a controlled substance with intent to deliver (PWID), possession of an instrument of crime, and possession of a firearm prohibited.[1]  Appellant claims the evidence was insufficient to support his convictions.  We affirm.

On April 19, 2011, Philadelphia police officers conducted surveillance on the 2500 block of North Chadwick Street.  The officers were assisted by a

---

[1] 35 P.S. §780-113(a)(30), 18 Pa.C.S.A. §907(a), §6105(a)(1) ("Persons not to possess, use, manufacture, control, sell or transfer firearms").

*Former Justice specially assigned to the Superior Court.

confidential informant (CI) who was given prerecorded buy money and searched for contraband or currency before he was released. The CI approached a nearby residence on Cumberland Street and yelled up to a second floor window. Appellant looked out of the window to see the CI and exited the home shortly thereafter. Officers observed Appellant give the CI two small, red plastic packets in exchange for $20 of the buy money. The officers later determined that the packets contained cocaine.

Subsequently, on two other occasions, the officers used the same CI to buy more controlled substances from Appellant. On May 3, 2011, the officers watched as Appellant handed the CI two small, pink plastic packets in exchange for money. On May 4, 2011, the officers observed Appellant give two small, yellow plastic packets to an unidentified individual who passed them to the CI and took money from the CI. All of the packets subsequently tested positive for cocaine.

Once the officers had observed the three separate transactions, they obtained a search warrant for the Cumberland Street residence. On May 5, 2011, the officers executed the warrant and arrested Appellant. Officers recovered $184 in U.S. currency and the keys to the Cumberland Street residence from Appellant's person. After entering the home's first floor, officers confiscated one small blue packet of cocaine found on a table and a 9 mm handgun from an unlocked tool box. The cocaine packet matched the

packaging, size, and the weight of the drug packets that the CI purchased from Appellant.

Appellant waived his right to a jury trial and proceeded to a bench trial. On February 1, 2012, the trial court convicted Appellant of all the aforementioned offenses. On April 2, 2012, Appellant was sentenced to five to ten years imprisonment to be followed by five years probation. No direct appeal was filed.

On April 2, 2013, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA). The lower court appointed counsel, who filed an amended petition on Appellant's behalf, claiming trial counsel was ineffective in failing to pursue appellate relief. On May 12, 2015, the PCRA court granted Appellant the right to file a direct appeal *nunc pro tunc*. Appellant filed a timely notice of appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant claims that there was insufficient evidence to prove that he possessed the cocaine packets or the firearm.[2] In reviewing a sufficiency claim, we must review the evidence in the light most favorable to the Commonwealth as verdict winner according to the following standard:

---

[2] The parties stipulated that Appellant had a prior conviction that prevented him from possessing a firearm. N.T. Trial, 2/1/12, at 70.

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa. Super. 2012) (quoting

*Commonwealth v. Mobley*, 14 A.3d 887, 889–90 (Pa. Super. 2011)

(citation omitted)).

Appellant claims that the Commonwealth failed to prove he possessed a controlled substance or a firearm as the officers did not find any such contraband on his person upon his arrest. Appellant denies being in possession of any of the drugs recovered from the CI and alleges that he cannot deemed to have possessed the blue packet of cocaine or the firearm found on the first floor of his home as his bedroom is on the second floor.

It is well established that "[p]ossession can be found by proving actual possession, constructive possession or joint constructive possession." *Commonwealth v. Gutierrez*, 969 A.2d 584, 590 (Pa. Super. 2009) (citation omitted).

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Cruz*, 21 A.3d 1247, 1253 (Pa. Super. 2011) (citation omitted)). Our courts have held that "[the] intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession of drugs or contraband." *Gutierrez*, 969 A.2d at 590 (citing *Commonwealth v. Valette*, 531 Pa. 384, 613 A.2d 548, 550 (1992) (citation omitted)).

The evidence presented at trial was more than sufficient to establish that Appellant constructively possessed the cocaine packets and the firearm. First, on three separate occasions, the officers observed Appellant exchange packets of cocaine for U.S. currency. Second, officers discovered in Appellant's home a 9 mm handgun and another bag of cocaine of the same size, weight, and packaging as those purchased by the CI. Even though the drugs and the weapon were not recovered from Appellant's bedroom, they were seized from an area on the first floor that was equally accessible to him. Lastly, there was no evidence that anyone besides Appellant resided in the home or had access to the area where the drugs were found.

We reject Appellant's suggestion that he could not be found in constructive possession of items found on the first floor on the home. The trial court found that the although the first floor did not consist of livable space, Appellant exercised dominion and control of the both floors of the residence, as he utilized both floors, and was the sole recorded occupant of the property." Trial Court Op., 12/31/15, at 7. Even if there were evidence that another individual had access to the Cumberland Street home, our courts have repeatedly held that "[p]ossession of [contraband] need not be exclusive; two or more [individuals] can possess the same [contraband] at the same time." *Commonwealth v. Macolino*, 503 Pa. 201, 208, 469 A.2d 132, 135 (1983). More than one actor may constructively possess contraband that is located in an area of joint control and access. *Commonwealth v. Sanes*, 955 A.2d 369, 373 (Pa. Super. 2008).

Appellant also contends that his convictions cannot stand as 1) the officers did not observe a transaction on the day of his arrest, 2) Appellant did not have any of the prerecorded buy money on his person when he was arrested the day after the last exchange and 3) the packets recovered from the CI were not the same color as the packets confiscated from Appellant's home. As all the aforementioned facts are inconsequential, we find these arguments to be unpersuasive. After viewing the evidence in this case in the light most favorable to the Commonwealth, we find the trial court could reasonably conclude that Appellant had the power and intent to exercise

conscious dominion over the cocaine packets and the firearm. In light of the aforementioned evidence and all the reasonable inferences that can be made therefrom, we find the Commonwealth presented sufficient evidence to support Appellant's conviction of PWID, possession of an instrument of crime, and possession of a firearm prohibited.

For the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2016