J-S19008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                    :           PENNSYLVANIA
                                                    :
               v.                                   :
                                                    :
                                                    :
DURAND DAMION LAWSON                :
                                                    :
               Appellant                            :   No. 192 WDA 2021

Appeal from the Judgment of Sentence Entered June 7, 2018
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s):  CP-37-CR-0000400-2017

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED:  October 15, 2021**

Appellant, Durand Damion Lawson, appeals from the Judgment of

Sentence entered in the Lawrence County Court of Common Pleas following a

jury conviction of Terroristic Threats, Simple Assault, and Persons Not to

Possess Firearms.[1]  He challenges the sufficiency and weight of the evidence.

After careful review, we affirm.

On May 14, 2017, Appellant picked up Kylie Houk from her job in New

Castle using her car. Houk asked to go home, but Appellant refused.  Appellant

and Houk began arguing, during which Appellant taunted her and waved a .9

mm Ruger pistol in her face while threatening to put her in the trunk and kill

her and her son.  Houk tried to escape, but Appellant grabbed her hair, pulled

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2706(a)(1), 2701(a)(3), and 6105(a)(1), respectively.

her back into the car, slammed her head on the console, and punched her in the body and face. He continued to drive as they struggled, and when he slowed the car down near a ballpark, Houk was able to pull away from Appellant, escape from the car, and run through the field to a nearby home for help. After the resident refused to get involved, Houk slid down a steep hill and hid under an abandoned car, where she called 911.

Officer James Paglia of the New Castle Police Department ("NCPD") responded to a report of a domestic incident on Lee Avenue. He came upon Houk's car, which was abandoned with the hood up near the park. Officer Paglia noticed that the car smelled strongly of burning brake pads, which indicated to him that someone had been driving the car quickly and erratically. NCPD Officer Pete Mendicino was the first to find Houk, who was standing in the road, crying and visibly upset. He tried to question her, but she was so afraid that Appellant would return that she asked Officer Mendicino, who was on a motorcycle, to take her to a police cruiser. Officer Mendicino brought her to Officer Paglia's police cruiser, and Officer Paglia drove her to the station for questioning. While at the station, police officers took photos of Houk's face and body showing the injuries that Appellant had inflicted.

At the police station, Houk described her two-week relationship with Appellant and what had happened. She specifically identified Appellant's gun as a Ruger .9 mm pistol and told police officers she thought he was going to kill her.

In the meantime, Jessica Ward, who knew Appellant, was in the courtyard of the Westview apartment complex with her son and other related children. She saw Appellant standing nearby and noticed the handle of a gun protruding from Appellant's waistband. When police officers arrived at the apartment complex, they saw Appellant run into an apartment which they later learned belonged to Robyn Ward, Jessica's sister. Jessica followed Appellant into the apartment where her mother, Deborah Ward, told Jessica that Appellant had gone upstairs. Jessica then saw Appellant running down the staircase without the weapon in his waistband. As he was running out the door, Jessica asked him if he left anything in the home, by which she "meant if he left the gun in the house." N.T. Trial, 4/18/18 at 34. Appellant replied no.

NCPD Sergeant David Viggiano and Officer Mark Lewis arrested Appellant outside the apartment. When Officer Viggiano performed a search incident to arrest, he found a clip that fit a .9 mm Ruger pistol in Appellant's pocket, but did not find the pistol itself. Officer Lewis obtained consent to search the apartment, and Jessica and Deborah Ward followed him upstairs. As Jessica and the officer went into Robyn's bedroom, Deborah went into her 11-year-old grandson's bedroom and opened a drawer of his dresser, where she saw a .9 mm Ruger pistol partially hidden under some clothes. She called for Officer Lewis, who collected the gun and returned to the courtyard.

Officer Lewis and Sergeant Viggiano brought Appellant down to the station, along with the Ruger and clip. Officer Paglia performed a search of

the gun's serial number, and saw that it was registered to John Martino, a local resident.

Trial commenced on April 16, 2018. Kylie Houk, Jessica and Deborah Ward, John Martino, Detective Crum, Sergeant Viggiano, and Officers Lewis, Mendicino, and Paglia testified to the above facts. Robyn Ward also testified that no one who was regularly in the apartment possessed a Ruger .9 mm pistol. The prosecutor showed the weapon to the jury. The court admitted, *inter alia*, photos of Houk's injuries and photos of the firearm and ammunition. The parties stipulated that Appellant was ineligible to possess a firearm due to a prior conviction.

On April 19, 2018, the jury found Appellant guilty of the above charges. On May 3, 2018, Appellant informed the Lawrence County Public Defender's Office that he intended to "file for ineffective assistance of counsel." Letter, dated 5/3/2018. On May 7, 2018, based on this information, the Public Defender's Office moved to withdraw as counsel. On May 8, 2018, the court appointed Almon Burke, Esq., as conflict counsel.

On June 13, 2018, Appellant filed a Post-Sentence Motion challenging, among other things, the weight and sufficiency of the evidence, which the Court denied. This appeal followed.[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

_____

[2] As a result of a convoluted series of procedural errors not relevant here, Appellant delayed and ultimately failed to perfect his original appeal as of right

Appellant presents the following issues on appeal:

1. Whether the trial court erred and abused its discretion in denying Appellant's oral motion at trial and/or post-sentence motion by finding that the jury's verdict was based on evidence sufficient to sustain his convictions beyond a reasonable doubt?

2. Whether the trial court erred and abused its discretion in denying Appellant's post-sentence motion by finding that the jury's verdict was not against the weight of the evidence?

Appellant's Br. at 7-8.

## Sufficiency of the Evidence

Appellant challenges the sufficiency of the evidence used to convict him of all three crimes. We review a sufficiency claim under the following well-settled precepts.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). When reviewing sufficiency challenges, we evaluate the record in the light most favorable to the verdict winner, giving the Commonwealth the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Trinidad,* 96 A.3d 1031, 1038 (Pa. Super. 2014). This Court will not disturb a verdict when "there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Sipps*, 225 A.3d

_____

from the trial court's denial of his Post Sentence Motion. On January 28, 2021, a PCRA Court reinstated Appellant's direct appeal rights *nunc pro tunc*. As a result, the Order denying Appellant's Post-Sentence Motion is dated October 17, 2018, but Appellant's 1925(b) Statement is dated February 22, 2021.

1110, 1113 (Pa. Super. 2019) (citation omitted). The Commonwealth can establish these elements using solely circumstantial evidence. *Id.*

"The fact finder is free to believe all, part, or none of the evidence." *Id.* In making our determination, we do not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Id.* Challenges to witness credibility pertain to the weight, not sufficiency, of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa. Super. 2014) (citation omitted)

### *Possession of Firearm Prohibited*

Appellant first challenges the sufficiency of the evidence supporting his firearms conviction, asserting that the Commonwealth did not prove the element of possession with sufficient evidence. Appellant's Br. at 24-28.

Our criminal code provides that "[a] person who has been convicted of an offense enumerated in [Section 6501(b)] or whose conduct meets the criteria in [Section 6501(c)] shall not possess, use, control, sell, transfer or manufacture . . . a firearm in this Commonwealth." 18 Pa.C.S. § 6105(a)(1). Appellant stipulated to the first element of the offense, *i.e.*, that he has been convicted of one of the enumerated offenses and, thus, is not allowed to possess a firearm. Appellant challenges only the sufficiency of the evidence establishing the second element, *i.e.*, possession, use, and control of the firearm. Appellant's Br. at 24.

In support of his challenge to the evidence presented by the Commonwealth to establish possession, Appellant avers that (1) Houk's

testimony that he possessed the firearm was not credible; (2) Houk's testimony was not corroborated by any other evidence; and (3) the other evidence linking him to the firearm was circumstantial. *Id*. at 25-28.[3] We address these averments *seriatim*.

### *Credibility*

Appellant first asserts that Houk's testimony was not credible. It is well-established that challenges to the credibility of a witness pertain to the weight given the testimony by the factfinder and not the sufficiency of the evidence. *Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014). "A sufficiency-of-the-evidence review . . . does not include an assessment of the credibility of the testimony offered by the Commonwealth." *Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003). Accordingly, we will not address Appellant's credibility claim in the context of this sufficiency challenge.

### *Corroboration of Houk's testimony*

Second, Appellant asserts Houk's testimony was uncorroborated and, therefore, the Commonwealth failed to present sufficient evidence that he

---

[3] Appellant also avers that "the firearm charge warrants an arrest of judgment/judgment of acquittal" because "a long-standing protocol concerning the handling of evidence for use at trial was broken in this case[.]" Appellant's Br. at 30. Appellant fails to present any analysis or argument with citation to legal authority to explain or support this summary statement. Accordingly, this issue is waived. *See In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010). *See also* Pa.R.A.P. 2101 ("if the defects in the brief . . . are substantial, the appeal or other matter may be quashed or dismissed."); Pa.R.A.P. 2119 (listing briefing requirements).

possessed the weapon. Appellant's Br. at 24. We disagree as a matter of fact and law.

Testimony, whether corroborated or not, if believed by the fact finder, is sufficient to sustain a conviction if the testimony addresses every element of the crime. *Commonwealth v. Johnson*, 180 A.3d 474, 481 (Pa. Super. 2018). To be classed as corroboration, testimony "need not relate solely to the main fact involved, but may be considered as corroboration when the testimony relates to relevant and material facts which have a direct relation to the main fact involved." *Commonwealth v. McKenna*, 213 A.2d 223, 226 (Pa. Super. 1965).

In addressing Appellant's claim, we disagree with Appellant's contention that Houk's testimony regarding Appellant's possession of the Ruger firearm on the day in question was not corroborated. Houk testified that Appellant possessed the Ruger .9 mm for the entire two weeks that she knew him. N.T. Trial, 4/17/18, at 78. She also testified that he brandished that same gun during their argument on the day in question. *Id.* at 40-41. Jessica Ward also testified that she saw Appellant with a firearm the day of the incident. N.T. Trial, 4/18/2018, at 32. She stated that she spotted the gun sticking out of Appellant's waistband when he stood in the courtyard of the apartment complex and testified that she watched as Appellant ran into the apartment with the gun in his waistband. *Id.* at 32-35. In addition, Jessica and Deborah Ward and Officer Lewis each testified that they found a .9 mm Ruger pistol in the apartment immediately after Appellant had fled the apartment. *Id.* at 35-

42 (Jessica Ward), 49-52 (Deborah Ward), N.T., Trial, 4/17/2018, at 118 (Officer Lewis). The testimony of each of these witnesses corroborated Houk's testimony that on the day in question, Appellant possessed the firearm. Appellant's averment to the contrary fails to support his sufficiency challenge.

### Circumstantial Evidence

Appellant next contends that the evidence presented by the Commonwealth was circumstantial and, therefore, the verdict was not supported by sufficient evidence. Appellant's Br. at 24. Appellant's conclusion is incorrect as a matter of law.

It is well-established that the Commonwealth may sustain its burden of proof by solely circumstantial evidence. *Commonwealth v. Lehman*, 820 A.2d 766, 772 (Pa. Super. 2003). *See*, *e.g.*, *Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983) (stating "circumstantial evidence may be used to establish a defendant's possession of drugs or contraband."); *Commonwealth v. Robertson*, 874 A.2d 1200, 1206 (Pa. Super. 2005) (affirming multiple convictions where the bulk of evidence was circumstantial); *Commonwealth v. Galindes*, 786 A.2d 1004, 1010-11 (Pa. Super. 2001) (affirming firearms convictions where the only evidence that a firearm was used during an attempted burglary was the victim's testimony that he heard gunshots and saw flashes).

Here, although some of the evidence that Appellant possessed the firearm was circumstantial, we conclude the evidence was sufficient to

establish Appellant possessed the firearm and, thus, committed the weapons offense. The evidence, viewed in the light most favorable to the Commonwealth, reveals that Appellant possessed the weapon when he picked Houk up from work and used the weapon to threaten her in the car. N.T. Trial, 4/17/18, at 40-41. When Jessica Ward saw him at the apartment complex shortly thereafter, the handle of the pistol was protruding from this waistband. N.T. Trial, 4/18/2018, at 32. When Appellant ran out of the apartment, he did not have the weapon in his waistband any longer, but an immediate search revealed the weapon hidden in a room upstairs. *Id.* at 34-42. In addition, in searching Appellant, police officers found a magazine that fit a .9 mm Ruger pistol, the same pistol about which Houk testified and which Officer Lewis and the Wards discovered in the apartment. N.T. Trial, 4/17/2018, at 103. This evidence unquestionably demonstrates that Appellant possessed and used a firearm.

Having concluded that Appellant's individual averments have no merit, we find that his sufficiency challenge to the firearm conviction fails to garner relief.

**Terroristic Threats and Simple Assault**

Appellant also purports to challenge the sufficiency of the evidence supporting his Terroristic Threats and Simple Assault convictions.[4] He baldly avers that the Commonwealth did not present sufficient evidence to establish that Appellant had the requisite *mens rea* or *actus reus*. Appellant's Br. at 33, 36. Appellant has provided us with no legal citation to support his claim and has failed to develop it beyond this summary assertion. Thus, he waived the issue.

The Rules of Appellate Procedure require an appellant to support each issue raised with citation to appropriate authority followed by discussion and analysis applying that authority to the facts of the case. **See** Pa.R.A.P. 2119 (a), (b) (requiring argument and citation to supporting authority for point at issue). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." **Commonwealth v. Richard**, 150 A.3d 504, 513–14 (Pa. Super. 2016) (citation omitted). "Arguments not appropriately developed include those where the party has failed to cite any authority in support of a

---

[4] "A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to . . . commit any crime of violence with intent to terrorize another." 18 Pa.C.S. § 2706(a)(1). A person will be found guilty of simple assault "if he . . . attempts by physical menace to put another in fear of imminent serious bodily injury[.]" 18 Pa.C.S. § 2701(a)(2).

- 11 -

contention." ***Id.*** (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Id.*** (citation omitted).

In support of his claim that the Commonwealth did not prove he had the requisite *mens rea* or *actus reus*, Appellant quotes the statutes defining the offenses, highlights in bold the *mens rea* and *actus reus* elements of the statutes, and argues broadly that Houk's testimony is not credible.[5] Appellant's Br. at 32-35. Because Appellant failed to develop an argument with citation to supporting case law and a legal analysis applying the law to the relevant facts of this case in support of his insufficiency claim, as required by our rules of appellate procedure, we are unable to provide meaningful review. These sufficiency challenges are, thus, waived.

**Weight of the Evidence**

In his second issue, Appellant challenges the weight of the evidence underlying each of his convictions. Appellant's Br. at 40-45. He contends that, even if the evidence was sufficient, Houk's testimony was not credible and, therefore, the court abused its discretion in denying his post-sentence motion because the verdict "'shocks the conscience' and 'one's sense of justice.'" ***Id.*** at 44-45. No relief is due.

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the

_____

[5] As noted above, credibility challenges are not reviewed in the context of a sufficiency claim. ***Wilson***, 825 A.2d at 713-14.

- 12 -

finder of fact, who is free to believe all, none[,] or some of the evidence, and to determine the credibility of the witnesses." ***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted). Thus, resolving contradictory testimony and questions of credibility are matters for the finder of fact. ***Commonwealth v. Hopkins***, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the fact finder. ***Talbert***, ***supra*** at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight of the evidence. ***Id.*** at 545-46. "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." ***Id.*** at 546 (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." ***Id.*** (citation omitted).

Furthermore, "in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court." ***Id.*** (citation

omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" **Commonwealth v. Morales**, 91 A.3d 80, 91 (Pa. 2014).

"[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." **Commonwealth v. Thompson**, 106 A.3d 742, 758 (Pa. Super. 2014) (citation omitted). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. **Widmer**, 744 A.2d at 751 n.3.

In this issue, Appellant essentially asks us to reassess Houk's credibility and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record shows that the evidence is not so tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence as to shock the court's conscience. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's weight claim. Appellant is, thus, not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2021