J-S38027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHAWDI RASHAW PUGH, JR. | : | |
| | : | |
| Appellant | : | No. 474 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 18, 2020
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001440-2019

BEFORE: BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED: June 9, 2023**

Appellant, Rashawdi Rashawn Pugh, Jr., appeals from the Judgment of
Sentence entered after a jury found him guilty of multiple counts of Possession
With Intent to Deliver ("PWID") and other offenses arising from his sale of
crack cocaine to a confidential informant ("CI") and his possession of fentanyl.
Appellant purports to challenge the sufficiency of the evidence supporting the
one count of PWID involving fentanyl. After careful review, we affirm.

Between April 12, 2019, and June 20, 2019, the Beaver County Drug
Task Force conducted four controlled buys of crack cocaine from Appellant at
his apartment using a CI equipped with a video recording device. On June 21,
2019, the police executed a search warrant at Appellant's apartment, seizing

_____

[*] Retired Senior Judge assigned to the Superior Court.

a scale, small baggies, crack cocaine, and $150 of the prerecorded cash the CI had used in the controlled buy the preceding day. There was no paraphernalia found during the search that indicated Appellant personally used the drugs that police seized.

Most relevant to this appeal, police officers found two stamp packages of fentanyl in an adult man's boot in the entryway of the residence. When officers requested that Appellant get dressed and put on the boots that contained the fentanyl, Appellant asked for a different pair of shoes. Appellant was the only adult male present at the residence at the time of the search.

The Commonwealth charged Appellant with five counts each of PWID and Possession of a Controlled or Counterfeit Substance, four counts of Possession of Drug Paraphernalia, and three counts of Criminal Use of Communication Facility.[1] One possession and one PWID charge pertained to the fentanyl found in the men's boot.

At Appellant's jury trial, the Commonwealth presented testimony from the CI, four police officers, and Appellant's mother. Appellant's mother testified that Appellant often stayed at the apartment but did not have a room there. The other residents were her four other children, including an adult daughter who struggled with drug abuse.

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), (a)(32); and 18 Pa.C.S. § 7512(a), respectively.

The CI authenticated four written statements indicating that she had purchased crack cocaine from the Appellant at the apartment but testified that she had not heard of Appellant selling heroin or fentanyl.

On March 6, 2020, the jury found Appellant guilty of all charges. On June 18, 2020, the court imposed an aggregate term of five to ten years of incarceration.

Following the reinstatement of his direct appeal rights, Appellant filed a timely Notice of Appeal on April 9, 2021. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

Appellant presents the following issue for our review:

Whether there was sufficient evidence to prove Appellant possessed fentanyl regarding the charge of possession with intent to deliver?

Appellant's Br. at 7.

"A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Miller**, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and

_____

[2] On April 11, 2022, this Court remanded the instant appeal to the trial court for it to appoint new counsel and file a Rule 1925(a) opinion. **Commonwealth v. Pugh**, No. 474 WDA 2021 (Pa. Super. filed April 11, 2022) (unpublished memorandum).

citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

Appellant challenges the sufficiency of the evidence supporting his conviction for PWID–fentanyl. Specifically, Appellant challenges the evidence supporting the element of possession and argues that the Commonwealth failed to establish that Appellant constructively possessed the fentanyl found in the boot. Appellant's Br. at 21.

To sustain a PWID conviction, the Commonwealth's evidence must prove that the defendant 1) possessed a controlled substance, 2) with the intent to deliver that controlled substance. *Commonwealth v. Jones*, 874 A.2d 108, 121 (Pa. Super. 2005).

"In narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband." *Commonwealth v. Vargas*, 108 A.3d 858, 868 (Pa. Super. 2014) (citation omitted). Where a defendant is not in actual possession of an item, as in the case now before us, the Commonwealth must establish that the defendant had constructive possession to support a conviction. *Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013). Constructive possession is a "legal fiction" designed to "deal with the realities of criminal law enforcement." *Id.* (citation omitted). It is defined as "conscious

- 4 -

dominion[,]" which is the "power to control the contraband and the intent to exercise that control." ***Id.*** (citation omitted).

"[A]s with any other element of a crime, constructive possession may be proven by circumstantial evidence." ***Commonwealth v. Parrish***, 191 A.3d 31, 36-37 (Pa. Super. 2018) (citation omitted). In other words, the Commonwealth must prove facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the drugs. ***See, e.g.***, ***Commonwealth v. Davis***, 743 A.2d 946, 953-54 (Pa. Super. 1999) (holding evidence was sufficient to prove constructive possession of drugs found in common areas of apartment where, *inter alia*, defendant entered apartment using his own key, possessed $800 in cash on his person, and police recovered defendant's identification badge, size-appropriate clothing, and firearms from a bedroom).

Appellant contends that: (1) he never put on the boot that contained the fentanyl and the Commonwealth never proved the boot belonged to him; (2) other people lived in the residence so that the Commonwealth could not definitively establish his constructive possession; (3) the CI who purchased crack cocaine from Appellant testified that she had no knowledge of Appellant selling heroin or fentanyl; (4) no paraphernalia was found at the residence to indicate fentanyl use or sales; and (5) Appellant's mother testified that Appellant did not use heroin or fentanyl but that Appellant's sister had a drug problem, which indicates that the fentanyl could belong to Appellant's sister. Appellant's Br. at 21-28.

Here, the trial court concluded that the evidence proved that Appellant constructively possessed the drugs. Trial Ct. Op., 02/08/2023, at 8-10. The court considered the testimony indicating that no other adult males lived at the residence, the lack of use-related paraphernalia, and the location of the boot at the residence where Appellant had sold crack cocaine during four controlled buys. *Id.* Given the totality of the circumstances, the trial court found that there was "sufficient evidence to support a conclusion that Defendant constructively possessed the fentanyl." *Id.* at 9.

After reviewing the record and case law, we agree with the trial court's finding. The fentanyl was found in an adult man's boot, Appellant's mother testified that Appellant was the only adult male living at the residence, and police officers testified that he was the only adult male present at the time of the search. N.T. Trial, 3/5/20, at 174, 30-31; N.T. Trial, 3/3/20, at 202. While Appellant's mother testified that her daughter had a drug problem, no evidence was found linking the daughter to the fentanyl and no use-related paraphernalia was found at the residence. N.T. Trial, 3/5/20, at 181, 43. In addition, the CI's certified statements established that Appellant was a known drug dealer who had previously sold drugs from the residence where police found the boot containing the fentanyl near the door. *Id.* at 145. From this evidence, it was reasonable for the jury to infer that Appellant exercised

dominion and control over the boot and the fentanyl found within.[3] ***See Davis,*** 743 A.2d at 953-54.

Appellant's arguments essentially ask us to view the evidence in the light most favorable to him rather than the Commonwealth as the verdict winner. We decline to do so. Our standard of review dictates that "[w]e must view all of the evidence in the light most favorable to the Commonwealth as verdict winner and we may not reweigh the evidence and substitute our judgement for that of the fact-finder." ***Miller***, 172 A.3d at 641.

Viewing the totality of the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the Commonwealth presented sufficient evidence to support Appellant's conviction for Possession with Intent to Distribute fentanyl. Appellant's sufficiency challenge, thus, fails.

Judgment of Sentence affirmed.

---

[3] It is no defense that someone else in the residence could have exercised conscious dominion over the fentanyl. "Possession of an illegal substance need not be exclusive; two or more can possess the same drug at the same time." ***Commonwealth v. Macolino***, 469 A.2d 132, 136 (Pa. 1983). ***See also Commonwealth v. Muniz***, 5 A.3d 345, 349 (Pa. Super. 2010) ("Indeed, the court in this matter no doubt considered the possibility that Baldwin could have placed the drugs in Appellant's room without Appellant's knowledge. However, based upon the court's determination, it is equally clear that the court rejected that notion. Given our standard of review, we are bound by that determination.")

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2023