J-S18044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WALTER LEE DENNIS JR. | : | |
| | : | |
| Appellant | : | No. 942 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 20, 2023
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000288-2022

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED: September 25, 2024**

Walter Lee Dennis Jr. ("Dennis") appeals from the judgment of sentence imposed after a jury found him guilty of, *inter alia*, possession of fentanyl and tramadol, possession with intent to deliver, contraband to confined persons prohibited, possession of contraband by inmate prohibited, and tampering with evidence.[1]  We affirm.

We summarize the factual and procedural history of this appeal as follows.  Amy Jo Simes ("Simes"), then a confidential informant, arranged to purchase heroin from Dennis.  **See** N.T., 6/12/23, at 17-18.  Dennis met Simes near the agreed-upon location, and police arrested him on an outstanding warrant before a transaction took place.  **See id**. at 22, 30-31,

---

[1] **See** 35 P.S. § 780-113(a)(16), (30); 18 Pa.C.S.A. §§ 5123(a), (a.2), 4901.

43, 45, 146.[2]  A search incident to arrest revealed Dennis possessed paper packages, which contained cocaine, and a black plastic bag, which contained unused blue-and-white glassine packets.  *See id*. at 123, 153.  During processing at the county prison, an officer conducted a strip search and observed something yellow in Dennis's rectum.  *See id*. at 60.  Dennis stated it was toilet paper and pushed it back up his rectum.  *See id*.[3]  The officer escorted Dennis to the shower for delousing.  *See id*. at 61.  The officer looked in the shower did not see anything.  *See id*.  After delousing, Dennis took a shower, which the officer stated took longer than usual.  *See id*. at 62.  After Dennis finished, officers searched the shower and found a yellow plastic bag, a clear plastic bag, and blue-and-white glassine packets with a similar checkered pattern to the unused packets found on Dennis's person.  *See id*. at 63-64; *see also* Commonwealth's Exhibit 8-4,  14-1.  The bags and packets were soaked and crumpled and located in different parts of the shower.  *See* N.T., 6/12/23, at 63-64.  The blue-and-white packets found in the shower tested positive for fentanyl and tramadol.  *See id*. at 124.  Due to the

_____

[2] At trial, Simes testified that when police approached to arrest Dennis, Dennis put his hand behind his back.  *See* N.T., 6/12/23, at 31.  She later told a detective that Dennis "shoved the drugs up his ass."  *See id*.; *see also id*. at 151.  The detective called the prison with this information.  *See id*. at 156.

[3] The officer testified that the object "could have been a bag or a balloon, something not natural to be in that area."  N.T., 6/16/23, at 60.  After Dennis pushed the object back up his rectum, the officer inspected the area again and did not see the object.  *See id*. at 60, 69.  The officer, however, noted that the yellow object he saw during the strip search was a lighter shade of yellow than a picture of the yellow bag shown at trial.  *See id*. at 67.

condition of the packets, the laboratory could not determine the weight of the fentanyl and tramadol in the packets.

A jury convicted Dennis of the aforementioned offenses, and, on July 20, 2023, the trial court sentenced him to an aggregate term of eight to sixteen years of imprisonment. Dennis timely appealed[4] and, after receiving extensions of time to do so, complied with the trial court's order for a Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion.

Dennis raises the following issue for our review:

> Whether the evidence presented by the Commonwealth at trial was insufficient to find [Dennis] guilty of [contraband to confined persons prohibited, possession of a controlled substance by an inmate prohibited, possession with the intent to deliver, tampering with evidence, and possession of a controlled substance]?

Dennis's Brief at 4.

Dennis's issue challenges the sufficiency of the evidence that he possessed plastic bags and blue-and-white glassine packets found in the prison shower. *See id*. at 12, 18-20. The following principles govern our review:

> We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[ ]finder to find every element of the crime beyond a reasonable doubt. Further, a conviction may be sustained wholly on circumstantial evidence,

---

[4] Dennis filed a *pro se* notice of appeal while represented by counsel. **See** Pa.R.A.P. 121(g) (permitting a party to file a notice of appeal while represented by counsel); **accord Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016).

and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact[ ]finder.

*Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal citations and quotation marks omitted).

Section 301 of the Crimes Code defines the term "possession" as a voluntary act "if the possessor knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession." 18 Pa.C.S.A. § 301(a), (c). The Commonwealth can establish possession by proving actual possession, constructive possession, or joint constructive possession. *See Commonwealth v. Parrish*, 191 A.3d 31, 36 (Pa. Super. 2018). Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. *See id*.

"[C]onstructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement." *Commonwealth v. Johnson*, 26 A.3d 1078, 1093 (Pa. 2011) (internal citation omitted). "Constructive possession has been defined as the ability to exercise a conscious dominion over the [contraband]: the power to control the contraband and the intent to exercise that control." *Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983). "Dominion and control means the defendant had the ability to reduce the item to actual possession immediately

or was otherwise able to govern its use or disposition as if in physical possession." ***Commonwealth v. Peters***, 218 A.3d 1206, 1209 (Pa. 2019) (internal citation omitted). The intent to maintain a conscious dominion may be inferred from the totality of the circumstances. ***See id***. "[A]s with any other element of a crime, constructive possession may be proven by circumstantial evidence." ***Commonwealth v. Parrish***, 191 A.3d 31, 36-37 (Pa. Super. 2018); ***see also Commonwealth v. Rojas-Rolon***, 256 A.3d 432, 438-39 (Pa. Super. 2021) (concluding that the Commonwealth established Rojas-Rolan possessed controlled substances sold to an informant, where the informant arranged a drug deal with the Rojas-Rolan, the informant did not have controlled substances before the transaction and returned with controlled substances after the transaction).

Dennis claims the Commonwealth failed to prove its theory that he hid the plastic bags and blue-and-white packets in his person and left them in the prison shower. ***See*** Dennis's Brief at 12, 14-20. He asserts the evidence, therefore, did not establish, beyond a reasonable doubt, that he possessed the contraband, brought it into the prison, and soaked it in the shower. ***See id***.[5] In support, Dennis asserts that Simes was unreliable given her hopes for leniency in her own criminal matter, and that her testimony, which indicates

---

[5] In light of Dennis's focused challenge to possessing the contraband, we need not summarize each element of the offenses of possession of a controlled substance, possession with intent to deliver a controlled substance, contraband to confined persons prohibited, possession of contraband by inmate prohibited, and tampering with evidence.

he secreted the contraband before his arrest, lacked any independent corroboration from an officer at the scene. *See id*. at 15. Dennis further contends that the officer conducting the strip search at prison only momentarily glimpsed a yellow object in Dennis's rectum, and the officer testified the item he saw during the strip search did not match the yellow plastic bag found in the shower. *See id*. at 16 (citing, *inter alia*, N.T., 6/12/23, at 67 (indicating that the item the officer saw in Dennis's rectum was a lighter shade of yellow than the yellow bag from the shower as was shown in a photograph displayed at trial)). Dennis emphasizes the officer testified that he did not walk into the shower to do a full inspection before Dennis took a shower. *See id*. (citing, *inter alia*, N.T., 6/12/23, at 71). Dennis continues there was no evidence showing he ever reached toward the areas in the shower where the contraband was found, and the Commonwealth could not exclude the possibility that someone else had left the contraband before he showered. *See id*. at 17. Dennis emphasizes the Commonwealth did not produce logs of who accessed the shower before him. *See id*. Dennis adds that Simes had arranged a purchase of heroin, not fentanyl and trazadone, and the contraband could have tested positive for fentanyl or trazadone due to contamination while in the shower or after officers collected the evidence. *See id*. at 17-18.

The trial court concluded that "even a cursory review of the record demonstrate[d Dennis's] assertions are without merit." Trial Court Opinion,

12/4/23, at 3.[6]  The court noted the above summarized evidence, including: (1) Simes's testimony she saw Dennis put his hand behind his back and told an officer he placed something between his buttocks; (2) Dennis's exclamation to Simes, "Amy, what the F did you do?";  (3) an officer observed something yellow in color in Dennis's rectum before Dennis showered; (4) the officer did not see anything in the shower before Dennis went into the shower; (5) the officer discovered the contraband in the shower after Dennis finished showering; and (6) the contraband tested positive for fentanyl and tramadol. *See id*. at 3-4.

Following our review, we discern no merit to Dennis's challenge to the sufficiency of the evidence.  Here, the evidence, when viewed in a light most favorable to the Commonwealth, demonstrated that an officer escorted Dennis to the prison shower after a strip search, did not see anything in the shower before Dennis showered, and then found the two plastic bags and blue-and-white packets in the shower after Dennis finished.  *See* N.T., 6/12/23, at 61, 63-63, 81; *cf*. *Rojas-Rolon*, 256 A.3d at 438-39.   This evidence alone provided a reasoned basis for the jury to infer that Dennis had secreted the contraband on his person, removed it in the shower, and soaked it in the hopes of washing away evidence.  Moreover, the Commonwealth produced

---

[6] The trial court indicated that Dennis's claim could be waived due to a vague Rule 1925(b) statement.  **See** Trial Court Opinion, 12/4/23, at 2.  However, Dennis's Rule 1925(b) statement adequately asserted that the Commonwealth failed to establish he, "in fact, possessed the controlled substance in question at any time."  Dennis's Rule 1925(b) Statement, 11/12/23, at 1.  Therefore, we will not find waiver of Dennis's issue.

- 7 -

evidence that the empty blue-and-white packets taken from Dennis during the search incident to arrest were similar to the blue-and-white packets found in the shower. *See id*. at 63-64; *see also* Commonwealth's Exhibit 8-4 with Commonwealth's Exhibit 14-1. Simes testified she believed Dennis had secreted contraband shortly before his arrest, and an officer briefly observed a foreign object in Dennis's rectum during the strip search. *See* N.T., 6/12/23, at 31, 60. The blue-and-white packets tested positive for fentanyl and tramadol. *See id*. at 124. Thus, our review reveals sufficient evidence of possession, *i.e.* Dennis's power and intent to control the contraband hidden on his person and later found in the shower. *Cf*. *Rojas-Rolon*, 256 A.3d at 438-39. Contrary to Dennis's arguments, the Commonwealth need not preclude every possibility of innocence, and the bulk of his issue goes to the weight, not the sufficiency, of the evidence. *See generally id*. at 436. Thus, Dennis's issue merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/25/2024